IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN E. SMITH,
#M-32750,

      Plaintiff,

vs.                                       Case No. 17-CV-1237-JPG

ASSELMEIER,

      Defendant.

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff John E. Smith, an inmate currently housed at Menard Correctional Center ("Menard"), filed this action pursuant to 42 U.S.C. § 1983. Plaintiff brings allegations pertaining to the dental care he received (or failed to receive) at Menard. (Doc. 1). In connection with these claims, Plaintiff names Asselmeier, a dentist at Menard, and seeks monetary damages.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff claims that he has been experiencing "serious dental issues" since May 11, 2017. (Doc. 1, p. 4). More specifically, Plaintiff alleges he has been suffering from severe pain due to an infection in his tooth. (Doc. 1, pp. 4-5). In an effort to receive treatment, Plaintiff submitted numerous complaints, sick call requests, and grievances. (Doc. 1, p. 5).

On August 11, 2017, Plaintiff was seen by Asselmeier, a dentist, for treatment of an infected tooth (a filling). Asselmeier told Plaintiff he was not going to be able to fill the infected tooth because there was a backlog of over two thousand inmates. *Id.* Plaintiff told Asselmeier that he had been waiting for months to have his infected tooth treated. *Id.* He also said that on a scale of 1 to 10, his pain level was a 10. *Id.* Asselmeier said nothing could be done unless Plaintiff agreed to have his tooth extracted. *Id.* Plaintiff protested and said he wanted the tooth treated with a filling. *Id.* Asselmeier once again said nothing could be done unless Plaintiff agreed to an extraction. *Id.* Asselmeier also refused Plaintiff's request for antibiotics and pain medication. *Id.* Plaintiff claims that Asselmeier's conduct caused him to suffer needlessly and has caused his condition to worsen. (Doc. 1, p. 5). Plaintiff seeks monetary damages. (Doc. 1, p.

2

6).

## Merits Review Under § 1915(A)

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

**Count 1 –** Eighth Amendment deliberate indifference claim against Asselmeier for failing to treat Plaintiff's tooth infection and associated pain on August 11, 2017.

To put forth a viable medical claim under the Eighth Amendment, Plaintiff must allege that officials were "deliberately indifferent to his serious medical needs." *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). This claim involves a two-part inquiry: the plaintiff must first show that his condition "was objectively serious," and he must then allege that the defendants were deliberately indifferent towards his condition. *Id.*

For screening purposes, Plaintiff has alleged the existence of an objectively serious medical condition. An objectively serious condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Here, Plaintiff has alleged that he suffered from a tooth infection that was causing excruciating pain. That is enough to put forth a serious need, at least for screening purposes. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) ("Tooth decay can constitute an objectively serious medical condition because of pain and the risk of infection."). The Complaint also suggests, at this early stage, that Asselmeier responded with deliberate indifference to

3

Plaintiff's serious medical condition by ignoring his complaints about pain and possible infection and/or denying medical care for non-medical reasons (filling could not be provided because the wait list was too long).

Accordingly, the Complaint shall receive further review.

**Pending Motions**

Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) shall be addressed in a separate order of the Court. However, because it appears that Plaintiff is indigent, service will be ordered as a matter of course upon Asselmeier.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 1,** shall **PROCEED** against **ASSELMEIER.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **ASSELMEIER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address

shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 5, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**