# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN E. SMITH,

        Plaintiff,

    v.

ASSELMEIER, *Dentist at Menard*,

        Defendant.

Case No. 3:17-cv-01237-JPG-DGW

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This case asks whether a prisoner—in order to exhaust his administrative remedies—must re-submit his grievance through the standard non-emergency protocols after an administrative officer has determined that the grievance is not an emergency. Magistrate Judge Wilkerson has issued a Report and Recommendation ("Report") stating that the prisoner is not required to do so. (ECF No. 22.) For the following reasons, the Court **REJECTS** the Report and **GRANTS** Asselmeier's motion for summary judgment. (ECF No. 17.)

## I.    BACKGROUND

Plaintiff John E. Smith is incarcerated at Menard Correctional Center. He has brought an Eighth Amendment deliberate indifference to medical needs claim against Menard's dentist—Asselmeier—but the merits of that claim are not yet ripe for review. What is ripe, however, is whether Smith properly exhausted his administrative remedies before filing suit: a well-established requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Basically, Smith bypassed the standard grievance process by filing an emergency grievance directly with the Chief Administrative Officer of Menard, pursuant to 20 ILL. ADMIN. CODE § 504.840. (Def.'s Mot. Summ. J., Ex. A at 25–26, ECF No. 18-1.) That officer

1

determined that the grievance was not an emergency and told Smith that he instead "should submit this grievance in the normal manner"—just as instructed in § 504.840(c). (*Id.* at 25.) The normal manner consists of attempting to resolve the complaint informally with a counselor, 20 Ill. Admin. Code, § 504.810(a); filing a non-emergent grievance that contains specific factual details, 504.810(b); waiting for a grievance officer and the Chief Administrative Officer to address that claim on the merits, § 504.830(d); and appealing that decision—if adverse to the prisoner—in writing to the Director of the Administrative Review Board, § 504.850(a) But instead of following the officer's instructions, Smith appealed the officer's decision—that the petition did not constitute an emergency—directly to the Administrative Review Board, which promptly denied Smith's appeal. (*Id.* at 24–27.) Smith then filed this lawsuit against Asselmeier under 42 U.S.C. §1983.

Asselmeier has since moved for summary judgment on the grounds that Smith failed to exhaust his administrative remedies, considering Smith did not re-submit his grievance using the standard, non-emergency procedures. (ECF No. 17.) Magistrate Judge Wilkerson later issued his Report rejecting that argument, holding that the plain language of § 504.840(c) does not require a prisoner to re-submit his grievance under the non-emergency system. (ECF No. 22.) The Court may accept, reject, or modify—in whole or in part—that Report. Fed R. Civ. Pro. 72(b)(3). The Court must review *de novo* the portions of the Report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Since Asselmeier has objected in full (ECF No. 23), the question comes before this Court for a *de novo* review.

## II.    LEGAL STANDARDS

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

## III.    ANALYSIS

There are no disputed facts here, so the only question is whether § 504.840 requires an inmate to re-submit his grievance through the non-emergency protocols. In its current form, the regulation reads:

> An offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer.
>
> a) If there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the grievance shall be handled on an emergency basis.
>
> […]
>
> c) If the Chief Administrative Officer determines that the grievance should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process.

20 ILL. ADMIN. CODE § 504.840. Subsection (c) is new: the state amended the regulation in April 2017 to add that provision, and since of all the facts in this case postdate the amendment, it applies here in full force. And as previously mentioned, a prisoner must exhaust all administrative remedies before filing suit: that means "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*,

548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). The confusion in this case is whether the language "*may* resubmit the grievance as non-emergent" is a requirement that the prisoner must fulfill, or whether it is merely permissive. Magistrate Judge Wilkerson recommends that the provision is merely permissive because it uses the term "may" instead of "shall." (ECF No. 22.)

The Court rejects that interpretation: § 504.840(c) is a mandate that requires a prisoner to re-submit his grievance through the non-emergency procedures so that the prison can address the grievance on its merits. There are a few reasons why. First of all, the "may" vs. "shall" debate is a red herring: the Prison Litigation Reform Act requires exhaustion of "remedies as are available." 42 U.S.C. § 1997e(a). So the question here is simply whether "some remedy is available to the inmate through the administrative process…." *Thornton v. Snyder*, 428 F.3d 690, 695 (7th Cir. 2005) (citing *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002)). And here, § 504.840(c) provides that an inmate may re-submit their grievance as non-emergent when the administrative officer says that it is not an emergency, so it is an expressly "available" remedy. *See Woodford*, 548 U.S. at 90. For "[s]o long as the administrative authority has the ability to take some action in response to the complaint (even if not the requested action), an administrative remedy is still 'available' under the [Prison Litigation Reform Act]." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Booth v. Churner*, 532 U.S. 731, 741 (2001)).

Second, the word "may" appears in another critical provision in the Illinois Administrative Code, yet the Seventh Circuit has interpreted that provision as a mandatory requirement that a prisoner must meet in order to exhaust his administrative remedies 20 Ill. Admin. Code § 504.850(a)—which governs the appeals process mentioned previously—

instructs that "[i]f, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she *may* appeal in writing to the Director." (emphasis added). Despite the word "may," it is well-established that a prisoner *must* appeal in this manner to the Director in order to exhaust his remedies. *See Dole*, 438 F.3d at 807 (explaining the appeals process); *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005) ("By failing to take advantage of the procedure offered by the [Administrative Review Board] for reconsidering the grievance, Cannon failed to exhaust his administrative remedies….") (citing *Pozo*, 286 F.3d at 2015). And this makes perfect sense because, again, the question under the Prison Litigation Reform Act is simply whether the remedy is still *available* to the inmate.

Third, the 2017 amendment makes clear that the procedure is required. Before April 2017, § 504.840 did not contain subsection (c), which instructs that a prisoner may re-submit his grievance as non-emergent through the standard protocols. That omission led to cases like *Thornton*, which held that "[t]here is nothing in the [pre-2017] regulatory text…that requires an inmate to file a new grievance after learning only that it will not be considered on an emergency basis." 428 F.3d at 694. § 504.840(c) expressly changed that by using the same language as the mandatory appeal process in § 504.850(a). Any other interpretation would render the 2017 amendment meaningless.

The final reason is a logistical concern. If a prisoner could exhaust his administrative remedies by filing an emergency grievance instead of going through the standard protocols, then the entire regulatory structure would collapse. Every prisoner would be able to fully exhaust his remedies by filing a frivolous emergency grievance, bypassing the standard procedures that are meant to address these issues on the merits. While the pre-2017 version of the regulation may

allow for that result, *see Thornton v. Snyder,* 428 F.3d 690, 694 (7th Cir. 2005), the April 2017 amendment to 20 ILL. ADMIN. CODE § 504.840(c) has changed that process by requiring a prisoner to resubmit his grievance through the normal channels.

## CONCLUSION

For the foregoing reasons, the Court **REJECTS** the Report (ECF No. 22), **GRANTS** Asselmeier's motion for summary judgment (ECF No. 17), **DISMISSES** this case **WITHOUT PREJUDICE** for failure to exhaust administrative remedies, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  JULY 23, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
