IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN E. SMITH,
Plaintiff,

v.

Case No. 17–CV–01237–JPG

CRAIG ASSELMEIER,
Defendant.

## **MEMORANDUM & ORDER**

### I. INTRODUCTION

Before the Court is Plaintiff John E. Smith's Motion for Reconsideration. (ECF No. 45). Plaintiff asks the Court to reconsider its October 2019 Order denying his Motion to Amend the Complaint. (ECF Nos. 41, 44). For the reasons that follow, Plaintiff's Motion for Reconsideration is **DENIED**.

### II. PROCEDURAL & FACTUAL HISTORY

Plaintiff filed this suit against Defendant Craig Asselmeier in 2017. (ECF No. 1). On July 23, 2018, the Court found that Plaintiff failed to exhaust his administrative remedies, dismissed the Complaint without prejudice, and entered Judgment. (ECF Nos. 24–25). The United States Court of Appeals for the Seventh Circuit affirmed. (ECF No. 40).

On July 18, 2019, Plaintiff filed a Motion to Amend the Complaint. (ECF No. 41). Specifically, Plaintiff sought to replace Defendant Asselmeier with Wexford Health Sources (which provides healthcare services for the Illinois Department of Corrections); and add claims against Jacqueline Lashbrook (the warden of the correctional facility) and Ann Lahr (a member of the facility's administrative review board). The Court denied the Motion because Plaintiff could only amend the Complaint if the Court vacated the Judgment under Federal Rule of Civil

Procedure 60(b). (ECF No. 44). Plaintiff then filed the Motion for Reconsideration currently before the Court. (ECF No. 45).

**III.     LAW & ANALYSIS**

After a district court enters final judgment, Federal Rule of Civil Procedure Rule 60(b) gives plaintiffs one year to seek to reopen the judgment and amend the complaint for good cause. Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 784–85 (7th Cir. 1994). Rule 60(b) authorizes district courts to vacate a judgment for the following reasons:

1) Mistake, inadvertence, surprise, or excusable neglect;
2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) The judgment is void;
5) The judgment has been satisfied, released or discharged it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) Any other reason that justifies relief.

Although motions under Rule 60(b)(1)–(3) must be filed within one year from the entry of judgment, motions under Rule 60(b)(4)–(6) must be filed "within a reasonable time." FED. R. CIV. P. 60(c)(1).

"Rule 60 relief is limited to 'extraordinary' situations where a judgment is the inadvertent product of 'special circumstances and not merely [the] erroneous application[] of law." Kennedy v. Schneider Elec., 893 F.3d 414, 419 (7th Cir. 2018) (alteration in original) (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). "Once judgment has been entered, there is a presumption that the case is finished, and the burden is on the party who wants to upset that judgment to show the court that there is good reason to set it aside." Hecker v. Deere & Co., 556 F.3d 575, 590–91 (7th Cir. 2009); see also First Nat'l Bank v. Cont'l Ill. Nat'l Bank, 933 F.2d 466, 468 (7th Cir. 1991) ("[T]he presumption in favor of liberality in granting

motions to amend is reversed after judgment has been entered."). "A [post-judgment] motion to amend should state with *particularity* the grounds for the motion and should be accompanied by the proposed amendment." Otto v. Variable Annuity Life Ins. Co., 814 F.2d 1127, 1139 (7th Cir. 1986) (emphasis added).

The Court concedes that it erred in its previous Order to the extent it stated that the period for Plaintiff to file a Rule 60(b) motion had passed. The Court entered Judgment on July 23, 2018. Plaintiff thus had until July 23, 2019, to file a motion under Rule 60(b)(1)–(3). And Plaintiff filed his Motion to Amend the Complaint—which he asserts should be construed as a Rule 60(b) motion—on July 18. Since pro se complaints must be liberally construed, Kaba v. Stepp, 458 F.3d 678, 681 (7th Cir. 2006), the Court will consider Plaintiff's Motion to Amend the Complaint as a timely Rule 60(b) motion.

Nevertheless, Plaintiff's Motion fails to meet any of the Rule 60(b) criteria. First, Plaintiff asserts that there was "a recent change in controlling law" that warrants vacating the Judgment. However, Plaintiff does not point to any caselaw or statutory authority suggesting that the Court's Judgment—affirmed by the Seventh Circuit—was overruled. Regardless, "even a post-judgment change of law does not allow relief under Rule 60(b)." Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002).

Plaintiff also asserts that the proposed amendment "presents new facts" that warrant vacating the Judgment. Specifically, Plaintiff's proposed amendment states new allegations against Jacqueline Lashbrook and Ann Lahr based on their allegedly inadequate grievance responses. But Plaintiff cannot use a post-judgment motion to present evidence that could have been presented before the Court entered Judgment. See Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008). Rule 60(b)(2) speaks of "reasonable diligence," and Plaintiff failed to show why

he did not have the evidence before the Court entered Judgment. Indeed, every exhibit attached to Plaintiff's proposed amendment was also included in the initial Complaint; Plaintiff presented no new facts, only new allegations. The Court will not vacate the Judgment to allow Plaintiff to "advance arguments that could have and should have been presented . . . prior to the judgment." Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000). More importantly, Plaintiff failed to present any new evidence suggesting that he exhausted his administrative remedies—the reason why the Court dismissed the case and entered Judgment against him. See 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2859 (3d ed. 2019) ("A judgment will not be reopened if the evidence is merely cumulative and would not have changed the result.").

Finally, Plaintiff does not allege that the Judgment should be vacated because it is based on fraud, is void, or changed circumstances render its enforcement inequitable. And Plaintiff presents no compelling reason to grant relief under Rule 60(b)(6), which is a remedy reserved for extraordinary situations.

### IV. CONCLUSION

Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

**Dated: Wednesday, March 11, 2020**

                **S/J. Phil Gilbert**
                **J. PHIL GILBERT**
                **UNITED STATES DISTRICT JUDGE**